**UNITED STATES COURT OF  APPEALS**

**FOR THE FIFTH CIRCUIT**

NO. 97-20497
Summary Calendar

GENEVIEVE COMEAUX

Plaintiff-Appellant

VERSUS

TEXAS DEPARTMENT OF TRANSPORTATION ET AL

Defendants

TEXAS DEPARTMENT OF TRANSPORTATION

Defendant-Appellee

Appeal from the United States District Court
For the Southern District of Texas
(H-95-CV-5650)

November 19, 1997

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Genevieve Comeaux appeals the summary judgment dismissing her Title VII employment discrimination action against the Texas Department of Transporation ("DOT").  Since Appellant has

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

failed to establish a prima facie case of discrimination, we affirm.

Appellant filed this action against her employer, the DOT, alleging that she had been discriminated against on the basis of her race and gender. Specifically, Ms. Comeaux alleges that she was persistently not promoted and not given a raise, because she is an African-American female.

"In employment discrimination cases, we review summary judgments de novo, applying the same standard as the district court." *Bodenheimer v. PPG Indus*., 5 F.3d 955, 956 (5th Cir. 1993), *citing Waltman v. Int'l, Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989). Ms. Comeaux has no direct evidence that any particular employment action was taken against her on the basis of her race or gender. Therefore, this case may be analyzed under the *McDonnell Douglas/Burdine* paradigm for cases using circumstantial evidence to prove intentional employment discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981).

In order to survive a motion for summary judgment, Ms. Comeaux must have initially produced appropriate summary judgment evidence supporting the inference: 1) that she is a member of a protected group; 2) that she was not promoted or given a raise; 3) that she was qualified for a promotion or raise; and 4) that a person

2

outside her protected class was given a promotion or raise. *McDonnel Douglas Corp., supra*, at 802, 93 S. Ct. at 1824; *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 503, 506, 113 S. Ct. 2742, 2747, 125 L. Ed. 2d 407 (1993). If Comeaux could establish her prima facie case, that would "in effect create[] a presumption that the [DOT] unlawfully discriminated against [her]." *Burdine, supra*, at 254, 101 S. Ct. 1094. This presumption places upon the defendant the onus of "'set[ting] forth, through the introduction of admissible evidence,' reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's, supra*, at 507, 113 S. Ct. at 2747, *citing Burdine, supra*, at 254-255, and n. 8, 101 S. Ct. at 1094-1095, and n. 8. Once defendant meets his burden of production by articulating a legitimate non-discriminatory reason and supporting it with the appropriate summary judgment evidence, the presumption of discrimination dissolves, and we are back to the plaintiff, who carries the burden of persuasion throughout. *Id.*, *citing Burdine, supra*, at 253, 101 S. Ct. at 1093. Thereafter, "a jury issue will be presented and a plaintiff can avoid summary judgment ... if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [race or sex] was a determinative factor in the actions of which plaintiff

3

complains." *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996).

In response to DOT's motion for summary judgment, Comeaux produced her own affidavit, and the deposition testimony of Ms. Kathleen Graves, an employee representative from the state employee's union, who followed Comeaux's inter-agency grievance. Comeaux attached as Exhibit "A" to her affidavit a copy of a memorandum to DOT management, dated May 13, 1994, which Comeaux apparently prepared, outlining many of the instances of alleged discriminatory conduct toward her over the course of her employment at DOT.

Ms. Comeaux insists in her affidavit that she performed her job as an administrative technician (clerical position) well enough to receive a merit raise or promotion, but never received a raise or promotion because of her race. Comeaux's affidavit is simply a conclusory restatement of her claims, which references no independent proof that she was qualified for a raise or promotion. Ms. Graves deposition is also wholly conclusory, reflecting only her conclusion, upon observing the inter-agency grievance process, that Comeaux was not being treated fairly. Ms. Grave's deposition testimony merely assumes the truth of Comeaux's discrimination claim, but offers no proof in support of that claim.

On the other hand, Comeaux's immediate supervisor, Ms. Maureen Wakeland in her affidavit, attached to DOT's motion for summary

4

judgment, insisted that Comeaux never got a merit raise or promotion, because she was not qualified and in fact was not even very good at the job she already had. Ironically, the memorandum Comeaux attached as Exhibit "A" to her own affidavit, being full of malapropisms, incorrect subject-verb agreement, faulty punctuation, sentence fragments, and grammatical mistakes of all kinds, corroborates Ms. Wakeland's claim that Comeaux was not competent as an administrative technician and therefore was not qualified for a merit raise or promotion.

Therefore, having failed to create a fact issue as to whether she was even qualified for a raise or promotion, Comeaux cannot make out a prima facie case under the *McDonnell Douglas/Burdine* paradigm, and summary judgment in favor of the DOT was appropriate. AFFIRMED.